UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

San Rafael Capital Partners, LLC,

        Plaintiff,

vs.

Asif Chaudhry, *et al.*,

        Defendants.

Case No.: 2:15-cv-0992-GMN-PAL

**ORDER**

      Pending before the Court is the Motion to Remand filed by Plaintiff San Rafael Capital Partners, LLC. (ECF No. 8). Defendants Asif Chaudhry and Navin Subramanian filed a response in opposition, (ECF No. 11), and Plaintiff replied, (ECF No. 14). For the reasons stated herein, the Court will grant Plaintiff's Motion and remand this action to Clark County District Court.

      Plaintiff filed this action in Clark County District Court on May 1, 2015, raising claims for breach of contract and intentional interference with contractual relations. (Compl., ECF No. 1-1). Defendants removed the case to this Court on May 29, 2015, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 2:18-21, ECF No. 1).

      In the instant Motion, Plaintiff argues that this action must be remanded because the contract at the center of this dispute contains a clause stating:

> To the extent that any party hereto is required to interpret and/or enforce the terms or any provision hereof, said action shall be required to be maintained in State Court in Clark

County, Nevada, the situs for [Plaintiff's] organization and residence, the exclusive venue for any such actions.

(Feb. 18, 2014 Agmt. p. 3, ECF No. 8-1).  Thus, Plaintiff argues that the removal was improper, as the contract at issue establishes Clark County District Court as the exclusive forum for disputes involving its terms and requirements.

Indeed, it is well established that "when parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013); *see also Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (affirming a district court's remand based on a mandatory forum selection clause which provided that "venue shall lie in the County of El Paso, Colorado").

In the instant case, there is no doubt as to whether the forum-selection clause at issue is mandatory in nature, as it specifically identifies the state court in Clark County, Nevada as the "exclusive venue" for disputes arising under the contract. *See, e.g.*, *Air Ion Devices, Inc. v. Air Ion, Inc.*, No. 02-1717-SI, 2002 WL 1482665, at *3 (N.D. Cal. July 5, 2002) (holding that language which identifies an "exclusive" venue renders a forum-selection clause to be mandatory rather than permissive).  Furthermore, because Plaintiff's claims involve allegations that Defendants breached their duties under the contract, there can be no doubt that the forum-selection clause applies in this case.  Accordingly, the Court will grant Plaintiff's Motion, and remand this action to Clark County District Court.[1]

---

[1] Defendants argue that the Court should decline to enforce the forum-selection clause because Plaintiff's managing partner: (1) was a licensed attorney who possessed superior legal knowledge, and (2) had been subject to disciplinary proceedings by the State Bar of Texas that Defendants were not made aware of.  However, the contract at issue explicitly states that Plaintiff's managing partner was not providing legal

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue, (ECF No. 12), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to Clark County District Court.  The Clerk is instructed to close the case.

**DATED** this \_\_\_25\_\_\_ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

advice to Defendants, (Feb. 18, 2014 Agmt. p. 2, ECF No. 8-1), and therefore his status as an attorney is not relevant to the enforceability of the forum-selection clause.